SCHOOL DISTRICT, APPELLANT, V. J. K. ELLIOTT, APPELLEE.

FILED OCTOBER 21, 1911.   No. 16,965.

School Districts: CHANGE OF BOUNDARIES: APPEAL. A petition was presented to a board consisting of the county clerk, treasurer and superintendent, under the provisions of section 11503, Ann. St. 1909, asking that certain land be detached from one school district and attached to another. The board found the petition "correct," and entered a "request that the change in the district

boundaries be made as asked for in petition," but took no action making the change, the district boundaries remaining as they then existed. *Held*, That, as there was no final order making the change in the boundary lines, there was nothing which could be reviewed on appellate proceedings.

APPEAL from the district court for Cedar County: GUY T. GRAVES, JUDGE. *Dismissed.*

*Wilbur F. Bryant* and *R. J. Millard*, for appellant.

*P. F. O'Gara, contra.*

REESE, C. J.

The second clause of section 11503, Ann. St. 1909, provides, in substance, that upon the petition of any freeholder to a board consisting of the county superintendent, county clerk and county treasurer, asking to have any land described therein set off from the district in which it is situated and attached to another to which it adjoins, that board may act thereon and make the change in the district boundaries. It is provided that the petition shall state the reasons for the change, and no change shall be made unless the territory to be attached has children of school age residing thereon, that they are more than two miles from the schoolhouse in their own district and at least one-half mile nearer to the schoolhouse in the adjoining district, and that the "board may thereupon change the boundaries of the districts so as to set off the land described in said petition and attach it to such adjoining district, as is called for in the petition, whenever they shall deem it just and proper and for the best interest of the petitioner or petitioners so to do."

As shown by the abstract, the following proceedings were had by and before the board designated in the act: "Hartington, Nebraska, March 23d, 1910. To the Board consisting of the County Clerk, Treasurer and Superintendent: Desiring that my renter avail himself of school privileges as set forth in section 4, subd. I, of the school

laws of Nebraska, 1909, I hereby make the following statement: There are living on my farm four children of school age desiring school privileges. This land is southeast quarter of section 11, township 30, range 1 west, in Cedar county, in school district No. 84. I desire this land to be detached from school district 84 and to be annexed to school district No. 98. The distance from the schoolhouse in district No. 84 is two and one-half miles, and from the schoolhouse in district No. 98 is one-fourth of a mile. I certify the statement(s) above are all true and correct, and respectfully request you to make the change indicated. J. K. Elliott, Owner of said land. Signed and sworn to before me this 25th day of March, 1910. (Seal) M. H. Dodge, County Judge. We, the above named board, have examined this petition and find it correct. We request that the change in the district boundaries be made as asked for in petition. W. E. Miller, County Superintendent; G. N. Champion, County Clerk; E. B. Hirschman, County Treasurer. I certify that the above is a correct copy. W. E. Miller, County Superintendent." From this a petition in error was filed in the district court. Upon a hearing in that court, the court found that "no error appears of record," and the petition in error was dis· missed at plaintiff's costs. The case is brought to this court by appellate proceedings.

Upon an examination of the record, we are satisfied that no action was taken, either by the board or by the county superintendent, which could, or did, change the status of the land of Elliott. Assuming that the petition was a sufficient compliance with the law to give the board jurisdiction it is very clear that the board took no such action as would lay the foundation for review. The statute says: "The board may thereupon change the boundaries of the districts so as to set off the land described in said petition and attach it to the adjoining district," etc. (Ann. St. 1909, sec. 11503.) Nothing of the kind was done. They found the petition was "correct," and made a "request" that the change in the district be

made, but took no action making it. The relation of the land to the two districts was not changed, and matters in that regard were not molested in any degree. There was no kind of order made from which any appeal or proceeding in error could be taken. No action is shown to have been taken by the superintendent, and the boundary lines of the districts were left as they had before that time existed.

It follows that there was nothing in the action of the board that could be reviewed by the district court, and no action can be taken by this court, except to dismiss the proceeding, leaving the district boundaries as they previously existed, which is done.

DISSMISED.